IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br><br><br>vs.<br><br><br><br>STANLEY L. WADE and<br>JANET B. WADE,<br><br>Defendants, | MEMORANDUM DECISION AND ORDER ON THIRD-PARTY KENDRICK'S OBJECTION TO ORDER TO COMPEL RELEASE OF DOCUMENTS ENTERED BY MAGISTRATE JUDGE<br><br><br><br><br>Case No. 2:04-CR-141 |

This matter is before the court for consideration of Third-Party Jayne Kendrick's Objection to an Order Re: Joint Motion to Compel Release of Documents issued by the Magistrate Judge. The Order was filed on August 31, 2005. The Order compels production to Defendant Janet B. Wade of all bank records, including bank statements, copies of cancelled checks and related materials from the Defendants' bank accounts, which Jayne Kendrick has in her possession.[1]

---

[1] Order (Docket #296) at 2.

1

For non-dispositive pretrial matters, this court reviews the Magistrate Judge's orders under a "clearly erroneous or contrary to law" standard of review.[2] Under the clearly erroneous standard, this court will affirm the Magistrate Judge's ruling "unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'"[3]

The August 31, 2005 Order compelled Jayne Kendrick to release documents she has in her possession. These documents were turned over to Ms. Kendrick after she agreed to a request from Mr. Donald Taylor, an agent of the Wades', to prepare their income taxes and establish accounting procedures and policies. Ms. Kendrick was retained to perform this task in connection with a diversion agreement entered into by Ms. Janet Wade. Ms. Kendrick agreed to prepare and submit amended tax returns for the years 1993 through 2003 and prepare and submit tax returns for the years 2003 and 2004. Her agreed-upon fee was $100 per hour. She was paid in part for services rendered but claims an outstanding balance of $25,725.

Utah law allows dry cleaners and shoe repair shops to assess special liens against personal property for non-payment for services[4], and contractors and attorneys can do the same.[5] However, there is no provision in Utah law for an accountant to assess a lien on personal property for services rendered, and there is no authority to support the proposition that Ms.

---

[2] 28 U.S.C. § 636(b)(1)(A).

[3] *Ocelot Oil Corp. v. Sparrow Industries*, 847 F.2d 1458, (10th Cir. 1988) (quoting *U.S. v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). Accord *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997) ("the district court must defer to the Magistrate Judge's ruling unless it is clearly erroneous or contrary to law").

[4] Utah Code Ann. § 38-2-3.1.

[5] *See* Utah Code Ann. § 38-1-3 and § 38-2-7, respectively.

2

Kendrick should be allowed to retain the source documents (as opposed to her work product) belonging to Ms. Wade. Further, liens are a matter of state law, and are not appropriately a part of this federal criminal case.

The Court finds no error in the Magistrate Judge's ruling that the documents be released. The Magistrate Judge ordered the release of documents provided to her by Defendants. The Order does not require the release of documents or information compiled by Jayne Kendrick for the Defendants. Therefore, the documents contemplated in Judge Wells' order are source documents and are not subject to a lien by Ms. Kendrick.[6]

Based upon the above, it is hereby

ORDERED that Plaintiff's Objections to the Magistrate Judge's August 31, 2005 Order are overruled and the same are AFFIRMED. Ms. Kendrick is ordered to immediately comply with the Magistrate Judge's directive to return to Ms. Wade the source documents as identified in the Order.

DATED this 17th day of November, 2005.

BY THE COURT:

TED STEWART
United States District Judge

---

[6] *Myra Foundation v. L.A. Harvey*, 100 N.W.2d 435, 439-440 (N.D. 1960).