IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>STANLEY LEO WADE,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR RELEASE PENDING APPEAL<br><br><br>Case No. 2:04-CR-141 TS |

This matter came before the Court on October 27, 2006, for hearing on Defendant's Motion for Release Pending Appeal.[1] Defendant's direct appeal is currently pending before the Tenth Circuit, and he requests that this Court release him from custody pending that appeal.

DISCUSSION

18 U.S.C. § 3143(b)(1) provides that a "judicial officer shall order the release" of a convicted defendant who has filed an appeal, if the judicial officer finds:

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . .; and

---

[1] Docket No. 314.

1

> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in . . . reversal . . ."

The procedural history reflected in the docket of this case bears out that Defendant has been detained by eight separate judicial decisions spanning from the inception of this case in March of 2004, and continuing to the present.[2] The exception to that consistent judicial finding was when this Court released Defendant on July 30, 2004, with restrictive conditions, and upon posting of a $2 million cash bond. Shortly thereafter, on November 16, 2004, the Court found that Defendant had violated the terms of his pretrial release, and Defendant was detained. He has remained detained since then.

Defendant now approaches the Court with his eighth request by his twelfth attorney, to be released pending the direct appeal to the Tenth Circuit of his criminal conviction. Defendant's argument is two-fold: First, that there are new factual developments which should lead this Court to reverse its eight previous findings that Defendant represents a risk of flight; and second, that his appeal presents a "substantial question" likely to result in reversal.

The argued developments since the Court's last determination of detention do not satisfy the Court that Defendant no longer poses a risk of flight. The Court considers only one of the eight factors "new" – that Defendant has already served a "significant portion" of his 100-month sentence – and that single factor simply does not advance the position that Defendant does not pose a flight risk. Two factors raised were previously imposed by the Court – that he forfeit assets upon failure to appear, and that he be subject to the previously imposed conditions of

---

[2] March 12, 2004, March 15, 2004, March 25, 2004, April 15, 2004, November 16, 2004, January 7, 2005, February 15, 2005, and July 10, 2006.

release – and failed to deter Defendant.  Four factors – that Defendant has made payments toward his tax liabilities, submitted a detailed statement of assets, paid the fine imposed by the Court, and did not flee while on pretrial release – were already required by law, and Defendant's arguable compliance does not lessen the risk of flight, nor does it warrant more lenient treatment than other similarly situated defendants.  Finally, Defendant's argument that his age, family/economic ties, and medical problems reduce his risk of flight was already considered by the Court in its previous determinations.

Further, these arguments add nothing to counter Defendant's history of attempted flight, as found in prior rulings of this Court.  Not only did Defendant tamper with his ankle monitor in this case, but in a prior federal criminal tax case, Defendant attempted to flee from U.S. Marshalls.  When Defendant first appeared before the Court in this case, he requested and received appointed counsel, because he represented that he had no money.  Not long thereafter, Defendant offered, and posted, a $2 million cash bond (which was later forfeited due to his violation of pretrial release conditions).  The Court believes this is the real Mr. Wade who, if given the opportunity, would flee.

Those conscious prior actions by Defendant speak volumes louder than the factors just noted, and indicate a contempt for the directives and authority of the Court.  Defendant's arguments do nothing to diminish, let alone remove, the risk of flight posed by Defendant.  The Court remains unconvinced that Defendant would not flee and, therefore, the Court continues in its finding, by clear and convincing evidence, that Defendant does represent a risk of flight, thus precluding release on appeal.

Given the Court's ruling, it need not address Defendant's second argument regarding whether his appeal raises a substantial question of law or fact likely to result in reversal.

## CONCLUSION

Based upon the above, it is hereby

ORDERED that Defendant's Motion for Release Pending Appeal (Docket No. 314) is DENIED.  Defendant shall remain detained.

SO ORDERED.

DATED  October 30, 2006.

BY THE COURT:

_____
TED STEWART
United States District Judge